```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED CENTRAL BANK,            )
                                )
          Plaintiff,            )
                                )
     v.                         )     No.  10 C 4950
                                )
6501 CORPORATION, et al.,       )
                                )
          Defendants.           )
```

## MEMORANDUM ORDER

With none of the litigants having opposed the motion of Korex Chicago LLC ("Korex") to intervene in this mortgage foreclosure action and to answer the First Amended Complaint ("FAC") brought by United Central Bank ("United Central"), this Court naturally granted Korex's motion for intervention.  But because a subsequent review of Korex's pleading revealed several problematic aspects of Korex's filing, this memorandum order is issued sua sponte to send its counsel back to the drawing board.

To begin with, Korex's counsel has ignored the requirement of this District Court's LR 10.1.  That salutary provision permits readers--primarily other counsel and this Court--to determine just which matters are or are not in issue between the parties without having to flip back and forth between a complaint and a responsive pleading.

That of course is purely procedural and a matter of convenience (although any counsel who practices in this federal

court ought to be aware of it.[1]

But there is a more substantive and pervasive flaw in the responsive pleading that requires correction. Almost all of the paragraphs of the FAC are responded to by invoking the disclaimer permitted under Fed. R. Civ. P. ("Rule") 8(b)(5), but those paragraphs of the Answer impermissibly go beyond that disclaimer in this fashion:

> Korex is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 and, therefore, each and every allegation contained therein is denied.

That is truly oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Hence the quoted phrase is stricken wherever it appears in the Answer.

Indeed, the all-pervasive nature of that defect counsels the striking of Korex's entire pleading, with leave being granted of course to file a self-contained Amended Answer and Affirmative Defense on or before December 2, 2013.[2] No charge is to be made

---

[1] Korex's counsel who signed the pleading is a member of a long-established Chicago firm, and counsel himself has been in practice here for a full decade.

[2] Because of the violation of LR 10.1 spoken of first in this memorandum order, this Court did not undertake the chore of examining Korex's disclaimers against United Central's allegations. Because Rule 8(b)(5) is more demanding than the tendency toward a rote invocation of its provisions would suggest, this Court expects Korex's counsel to pay careful heed

2

to Korex by its counsel for the added work and expense incurred in correcting counsel's errors. Korex's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: November 19, 2013

---

to the obligation to comply with Rule 11(b) that is imposed on every federal practitioner.